## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Richard Sapp,                                              Civil No. 15-1589 (DWF/LIB)

                    Plaintiff,

v.                                                          **MEMORANDUM**
                                                      **OPINION AND ORDER**

City of Brooklyn Park; John and Jane
Does (1-200) acting in their individual
capacity as supervisors, officers, deputies,
staff, investigators, employees or agents of
the other governmental agencies;
Department of Public Safety Does (1-30)
acting in their individual capacity as
officers, supervisors, staff, employees,
independent contractors or agents of the
Minnesota Department of Public Safety;
and Entity Does (1-50) including cities,
counties, municipalities, and other entities
sited in Minnesota,

                    Defendants.

_____

Jeffrey M. Montpetit, Esq., and Susan M. Holden, Esq., SiebenCarey, P.A.; and Lorenz F.
Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., and Jonathan A. Strauss, Esq., Sapientia
Law Group PLLC, counsel for Plaintiff.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., and Susan M. Tindal, Esq., Iverson
Reuvers Condon, counsel for Defendants City of Baudette, City of Big Lake, City of
Brooklyn Park, City of Buffalo Lake, City of Burnsville, City of Golden Valley, City of
Inver Grove Heights, City of Thief River Falls, City of White Bear Lake, and City of
Woodbury.

_____

## INTRODUCTION

This matter is before the Court on a Motion for Relief from Judgment by City of Baudette, City of Big Lake, City of Brooklyn Park, City of Buffalo Lake, City of Burnsville, City of Golden Valley, City of Inver Grove Heights, City of Thief River Falls, City of White Bear Lake, and City of Woodbury (collectively, the "City Defendants"). (Doc. No. 69.)  For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff initiated this lawsuit on March 25, 2015.  (Doc. No. 1.)  Plaintiff asserts a single count against all Defendants for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-25.  (*See id.* ¶¶ 334-55.)  On March 28, 2016, the Court granted multiple motions to dismiss (primarily on statute-of-limitations grounds), dismissing claims against numerous Defendants in this matter.  (*See generally* Doc. No. 60.)  The Court also concluded that Plaintiff asserted plausible claims against the City of Brooklyn Park based on two timely lookups of Plaintiff's information.  (*See id.* at 13-17.)

On April 19, 2016, the City Defendants tendered a Rule 68 Offer of Judgment to Plaintiff which Plaintiff accepted on May 2, 2016.  (*See* Doc. Nos. 66 & 66-1.)  The City Defendants' Offer of Judgment stated that:

> Acceptance of the Rule 68 Offer will terminate all proceedings before the Court and any and all potential appeals of dismissed claims and allow Plaintiff's counsel to petition the Court for reasonable costs and attorney's fees solely attributed to these Defendants, incurred to date, as determined recoverable under 18 U.S.C. § 2724.

(Doc. No. 66 at 2.)  On May 2, 2016, Plaintiff filed a letter notifying the Court of the parties' settlement and noting that "a term of the Rule 68 Offer of Judgment is that the Plaintiff will petition Judge Frank for reasonable attorneys' fees and costs."  (Doc. No. 64.)  On May 4, 2016, Plaintiff filed a Notice of Acceptance, and the Clerk entered Judgment in Plaintiff's favor against the City Defendants for $5,015.51.  (Doc. Nos. 66, 66-1, & 67.)  Plaintiff has not filed a motion for attorney fees and costs.

On May 5, 2017, the City Defendants filed the Motion for Relief From Judgment presently before the Court.  (Doc. No. 69.)  The City Defendants assert they are entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(5) because the Judgment has been satisfied.  In connection with their Motion, the City Defendants have submitted documentation demonstrating that they tendered a check to Plaintiff in the amount of $5,015.51 on August 11, 2016 which cleared on August 18, 2016.  (*See* Doc. No. 72 ("Angolkar Aff.") ¶ 2, Ex. 1 & ¶ 3, Ex. 2.)  The City Defendants also provide evidence of attempts by counsel to obtain a signed Satisfaction of Judgment from Plaintiff's counsel via e-mail on September 22, 2016 and April 27, 2017.  (Angolkar Aff. ¶ 4, Ex. 3 & ¶ 5, Ex. 4.)  Plaintiff's counsel did not respond to these e-mails.  (*See* Angolkar Aff. ¶¶ 4, 5.)

## DISCUSSION

Plaintiff opposes the City Defendants' Motion.  Plaintiff does not dispute that a $5,015.51 check was issued on August 10, 2016 and cleared on August 18, 2016 or that counsel for the City Defendants e-mailed Plaintiff's counsel regarding a Satisfaction of Judgment on September 22, 2016 and April 27, 2017.  Indeed, Plaintiff expressly

stipulates to the facts outlined in the City Defendants' memorandum.[1]  However, Plaintiff
asks the Court to deny the City Defendants' Motion and permit Plaintiff to petition for
attorney fees.  Plaintiff states, "Plaintiff's counsel fully acknowledges that through its
own inadvertence, mistake and carelessness, they – Sieben/Sapientia – have failed to
timely file a motion for attorneys' fees."  (Doc. No. 74 at 2.)  Invoking Federal Rule of
Civil Procedure 6(b)(2), Plaintiff argues that the Court should permit Plaintiff to file an
untimely motion based on the "recognized exceptions to deadlines outlined in
Rule 54(d)(2), one of which is carelessness."  (*Id.* (quotation marks omitted).)  In other
words, Plaintiff asks the Court to determine that counsel's conduct constitutes excusable
neglect under the circumstances such that the City Defendants' motion should be denied.
The City Defendants argue that Plaintiff has waived any claim for attorney fees given the
length of time that has passed since the Clerk entered Judgment.  According to the City
Defendants, "there is no just reason for delay of entering a satisfaction of judgment," and
they ask the Court to do so.  (Doc. No. 71 at 3.)

"On motion and just terms, the court may relieve a party . . . from a final judgment
. . . [if] the judgment has been satisfied, released or discharged . . . ."  Fed. R. Civ. P.
60(b)(5).  A motion for relief from judgment under this rule must be brought "within a
reasonable time."  Fed. R. Civ. P. 60(c)(1).  Whether to grant such a motion is within the

---

[1]     Plaintiff does note that the City Defendants' counsel failed to include Plaintiff's
attorneys from the SiebenCarey law firm on the e-mail communications to Plaintiff's
attorneys from Sapientia Law Group, PLLC.  The Court concludes that this fact does not
alter the Court's analysis of the City Defendants' motion.

court's discretion.  *See City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

The Court finds that the City Defendants have brought their Motion for Relief from Judgment in a reasonable time—less than one year after the entry of judgment and shortly after their second unsuccessful attempt to obtain a signed Satisfaction of Judgment from Plaintiff's counsel.  Whether the City Defendants' $5,015.51 payment to Plaintiff satisfied the Judgment depends on whether Plaintiff may yet pursue attorney fees as contemplated by the parties' settlement.  As outlined below, the Court concludes that Plaintiff abandoned his opportunity to pursue such fees and is thus entitled to nothing further in satisfaction of the Judgment.

The DPPA's remedies provision provides that "[t]he court may award . . . reasonable attorneys' fees and other litigation costs reasonably incurred."  18 U.S.C. § 2724(b)(3).  Under the Federal Rules of Civil Procedure, a motion for attorney fees "must . . . be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  Noncompliance with this timing requirement "is a sufficient reason to deny a motion for fees absent some compelling showing of good cause."  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007).

"When an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  A court may decline to accept late filings under this rule if the moving party fails to come forward with "an affirmative showing of excusable neglect."  *Huggins v. FedEx Ground Package*

5

*Sys., Inc.*, 592 F.3d 853, 856-57 (8th Cir. 2010) (quoting *African Am. Voting Rights Legal Def. Fund, Inc. v. Villa*, 54 F.3d 1345, 1350 (8th Cir. 1995)).  In evaluating excusable neglect, courts evaluate "all relevant circumstances" and should address four factors in particular:  "(1) the possibility of prejudice to [the other party]; (2) the length of [the proponent's] delay and the possible impact of that delay on judicial proceedings; (3) [the proponent's] reasons for the delay, including whether the delay was within its reasonable control; and (4) whether [the proponent] acted in good faith."  *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).  The reason for delay is the most important.  *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

Plaintiff has not filed a motion to extend the deadline to file a motion for attorney fees, and an informal request for extension is insufficient to raise the issue after the relevant deadline has passed.  *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that extension after the expiration of a deadline may be made "on motion"); *see also Drippe v. Tobelinski*, 604 F.3d 778, 782-86 (3d Cir. 2010) (discussing and applying Supreme Court authority highlighting the distinction between a "request" and a "motion" under Rule 6(b)).  Notably, however, even if the Court were to grant Plaintiff leave to file such a motion, the Court would decline to permit an extension under the circumstances.  The record does not suggest that the City Defendants would be materially prejudiced by a late-filed motion for attorney fees, and there is no indication that Plaintiff failed to act in good faith.  However, the length of delay and Plaintiff's proffered justification for the failure to file a timely motion weigh against a finding of excusable neglect.

6

Following the entry of judgment on May 4, 2016, Plaintiff had fourteen days—until May 18, 2016—to file a motion for attorney fees. Plaintiff did not do so. As noted above, Plaintiff has also failed to file a motion to extend the deadline. Further, Plaintiff only informally raised the issue with the Court for the first time on May 12, 2017 in response to the City Defendants' Motion for Relief from Judgment. In light of the applicable fourteen-day time period in which Plaintiff was required to file his attorney-fees motion, bringing this issue to the Court's attention nearly a year after the May 18, 2016 deadline represents a significant delay. One of the purposes behind Rule 54(d)(2)(B)'s fourteen-day limitation is "to resolve fee disputes efficiently, 'while the services performed are freshly in mind.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) (quoting Fed. R. Civ. P. 54 Advisory Committee's Notes (1993)). Plaintiff's long delay in this case hampers the Court's ability to reach a fair resolution regarding appropriate fees. Thus, this factor weighs against a finding of excusable neglect.

Turning to the reason for delay, Plaintiff's counsel candidly admits that their failure to file a timely motion for attorney fees is attributable to nothing other than "inadvertence, mistake and carelessness." (Doc. No. 74 at 2.) Simple carelessness or a mistake may amount to excusable neglect in the proper case. *See Sugarbaker*, 187 F.3d at 856 (upholding the district's court consideration of an untimely motion for attorney fees where the defendant missed the deadline by one day due to a miscalculation). However, the Eighth Circuit has declined to find excusable neglect where a missed deadline resulted from "garden-variety attorney inattention." *Lowry*, 211 F.3d at 464. In

7

doing so, it noted the Supreme Court's statement that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993)). Thus, the Eighth Circuit has noted a material distinction between "ignor[ing] the deadline or procrastinat[ing]" and "ma[king] an error in attempting to comply." *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012). Missing a deadline due to counsel's busy schedule does not support a finding of excusable neglect under Rule 6(b). *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010). Prolonged or repeated negligence may also weigh against finding excusable neglect. *See Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (noting, in finding excusable neglect under Federal Rule of Civil Procedure 60(b)(1), that the defendant "did [not] . . . act negligently over a long period of time despite receiving warnings about its omission").

Here, Plaintiff's counsel was plainly aware of its obligation to file a motion seeking fees as indicated in counsel's May 2, 2016 letter noting that "a term of the Rule 68 Offer of Judgment is that the Plaintiff will petition Judge Frank for reasonable attorneys' fees and costs." (Doc. No. 64.) After the deadline to file a motion expired on May 18, 2016, Plaintiff received a check in the amount of the Judgment in mid-August 2016. Counsel for the City Defendants contacted Plaintiff's counsel in late September 2016 and again in late April 2017, receiving no response from Plaintiff's counsel. At no time until May 12, 2017 did Plaintiff's counsel contact the Court regarding the missed deadline. Based on the Eighth Circuit guidance outlined above, the Court finds that

Plaintiff's counsel's admitted carelessness does not support a finding of excusable neglect.

Considering all of the circumstances, the Court determines that even if it granted Plaintiff leave to file a motion to extend the time for filing an attorney-fees motion, Plaintiff would fail to make the requisite showing of excusable neglect under Rule (b)(1)(B) to support extension of the fourteen-day deadline contained in Rule 54(d)(2)(B)(i). The City Defendants tendered a check to Plaintiff in the amount of the Judgment, and Plaintiff failed to petition for attorney fees in the requisite time specified under the Federal Rules of Civil Procedure. Thus, the Judgment is satisfied, and the Court will grant the City Defendants motion.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     The Motion for Relief from Judgment by City of Baudette, City of Big Lake, City of Brooklyn Park, City of Buffalo Lake, City of Burnsville, City of Golden Valley, City of Inver Grove Heights, City of Thief River Falls, City of White Bear Lake, and City of Woodbury (Doc. No. [69]) is **GRANTED**.

2.     The Clerk shall enter a satisfaction of the May 4, 2016 Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  November 6, 2017                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

9